**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1804
_____

ROGER SCOTT WILSON,
                                        Appellant
v.

EI DUPONT DE NEMOURS & CO; PIONEER HI-BRED INTERNATIONAL INC;
WAYNE E. MARSH; BARBARA J. MAZUR; LAURA M. GREEN;
RICHARD P. MCCARDLE; SUMMER LYNN (DORSEY) BECK; SHARON FORD;
KATHLEEN M. JOHNSON; MICHAEL P. REILLY; CHIP SCHUSSLER;
WILLIAM C. WALKER; GLEN E. SIMMONDS; STEVEN MAZUR; and
GREGORY SCOTT

_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civ. No. 1:15-cv-00967)
District Judge: Honorable Leonard P. Stark

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 23, 2018

Before: VANAKSIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: January 31, 2018)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Roger Scott Wilson filed this action against his former employer, E.I. du Pont de Nemours & Co./ Pioneer Hi-Bred International, Inc. ("DuPont"). Wilson was employed by DuPont as a "Research Associate." According to his complaint, starting in 2000, DuPont created a "hostile work environment" for Wilson in "retaliation for an incident in which [he] reported to HR representatives . . . the unlawful conduct by management . . . in which they failed to disclose a carcinogenic gas release." As a result of that "incident," Wilson was involuntarily placed on short-term disability leave, was required to undergo mental health testing, was given negative performance reviews, and was subjected to adverse changes in work assignments and pay. He resigned in 2012.

Wilson claimed that DuPont's conduct violated his statutory rights under 15 U.S.C. § 2087(a) and 29 U.S.C. § 218c, whistleblower provisions of the Consumer Product Safety Improvement Act of 2008 ("CPSIA") and the Fair Labor Standards Act ("FLSA"), respectively. In general, § 2087(a) protects employees who refuse to participate in CSPIA-violating conduct, or who furnish their employers or the government (state or federal) with information related to a CSPIA violation. See 15 U.S.C. § 2087(a). Section 218c protects from retaliatory employment actions similar, albeit statute-specific, conduct. See 29 U.S.C. § 218c(1).[1]

---

[1] Although § 218c reflects an amendment to the FLSA, it was created by the Patient Protection and Affordable Care Act of 2010 (the "ACA"), Pub. Law 111-148, 124 Stat. 119, and generally protects employees from retaliation stemming either from their receipt of healthcare benefits or from other activity protected under Title I of the ACA. See 29 C.F.R. § 1984.100(a).

DuPont filed a motion to dismiss Wilson's complaint under Fed. R. Civ. P. 12(b)(6), arguing that he was required, but failed, to exhaust administrative remedies before filing suit. DuPont's supporting brief directed the District Court's attention to provisions in the CPSIA and the FLSA setting forth the procedures an employee is to follow should he wish to file a complaint with the Office of the Secretary for the United States Department of Labor and, if dissatisfied with that agency's response, should he wish to obtain federal court review. See 15 U.S.C. § 2087(b); 29 U.S.C. § 218c(b)(1).

The District Court accepted DuPont's argument that pre-suit exhaustion under either the CPSIA or the FLSA is obligatory, granted DuPont's motion, dismissed the complaint with prejudice, and denied as moot a motion for summary judgment filed by Wilson. This appeal followed.[2]

Wilson does not dispute that he failed to submit an administrative complaint to the U.S. Secretary of Labor, or the Occupational Safety and Health Administration ("OSHA"), to which the Secretary delegated responsibility to receive and investigate complaints. See, e.g., 29 C.F.R. § 1984.103. And Wilson was indeed required to do just that before filing this action in the District Court. See Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust

---

[2] We have jurisdiction under 28 U.S.C. § 1291. "We review de novo the applicability of exhaustion principles, because it is a question of law. When the District Court declines to grant an exception to the application of exhaustion principles, we review for abuse of discretion." Harrow v. Prudential Ins. Co. of America, 279 F.3d 244, 248 (3d Cir. 2002) (citations omitted). In conducting our review, we have liberally construed Wilson's pro se filings. See Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

all required administrative remedies before bringing a claim for judicial relief."); see also

FTC v. Standard Oil, 449 U.S. 232, 242 (1980) ("Judicial intervention into the agency

process denies the agency an opportunity to correct its own mistakes and to apply its

expertise ... [and] leads to piecemeal review which at the least is inefficient and upon

completion of the agency process might prove to have been unnecessary.").[3] Therefore,

we will affirm the District Court's judgment.

---

[3] On appeal, Wilson renews an argument made below that he did, in fact, properly exhaust administrative remedies because he filed a charge of age-, race-, gender-, and religion-based discrimination with the local office of the Equal Employment Opportunity Commission ("EEOC")—which charge was cross-filed with the Delaware Department of Labor, see 29 C.F.R. § 1601.13(a)(4)(i); 29 C.F.R. § 1601.74(a)—roughly two months after he resigned from DuPont. Incidentally, for § 218c claims, OSHA may consider the time for filing an administrative complaint equitably tolled if a complainant mistakenly files a complaint with another agency instead of OSHA. See 29 C.F.R. § 1984.103(d); see also 29 C.F.R. § 1983.103(d) (permitting tolling under the CSPIA "for reasons warranted by applicable case law."). However, Wilson does not appear to have made any such mistake: his charge of age-, race-, gender- and religion-based discrimination was properly directed to the EEOC, which oversees enforcement of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. Wilson's EEOC charge said nothing about the 'whistleblower' retaliation described in the complaint he later filed in the District Court. Because Wilson concedes that he never filed a complaint with the Secretary of Labor or OSHA, the fact remains that he did not properly exhaust his administrative remedies.