**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and Sam Alberico, Plaintiffs–Appellants,**

v.

**Stanley F. JAROS, Defendant–Appellee.**

No. 94–3876.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 29, 1995.

Decided Nov. 15, 1995.

Joshua R. Cohen (argued and briefed), Byron S. Krantz, Kohrman, Jackson & Krantz, Cleveland, OH, for Plaintiffs-Appellants.

Paul P. Psota, Roger W. Van Deusen (argued and briefed), Gaines & Stern, Cleveland, OH, for Defendant-Appellee.

Before: MARTIN and BOGGS, Circuit Judges; and HOOD, District Judge.*

HOOD, District Judge.

Merrill Lynch, Pierce, Fenner & Smith, Inc. [Merrill Lynch] and Sam Alberico [Alberico] appeal an arbitration award against them contending that the arbitration panel acted in "manifest disregard of the law" that governs the timeliness of federal and state common law claims arising from its administration of Stanley Jaros' accounts. The district court confirmed the award holding that the arbitrators did not demonstrate the manifest disregard necessary to vacate. We agree and affirm.

## I.

From 1987 to 1990, Stanley Jaros maintained accounts at the Cleveland branch of Merrill Lynch, with Sam Alberico serving as his personal account broker. Jaros contends he sought a conservative investment strategy so as to maintain his initial investment of $472,601 and achieve long term appreciation. During this time period, however, the market value of the accounts fluctuated widely.

As Jaros' broker, Alberico made 624 trades, generating commissions in excess of $270,000. He contacted Jaros before each transaction and Jaros never objected to his recommendations. In addition, Jaros received monthly statements summarizing the transactions and included some of these transactions on his 1987 federal income tax return.

In November of 1990, Jaros transferred his accounts from Merrill Lynch to another investment house. At the time of the transfer, the value of his accounts was $344,382. On December 18, 1990, Jaros' son wrote a

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

letter to Merrill Lynch complaining of the way in which the accounts were handled. Merrill Lynch responded that it would conduct an investigation and seven months after the initial letter, Merrill Lynch wrote back that it had found no wrongdoing with respect to the accounts.

Pursuant to the arbitration clause in their agreement, Jaros instituted arbitration proceedings on August 20, 1992, claiming violations of the Securities and Exchange Act § 10(b), 15 U.S.C. § 78j(b); Security and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5; and state common law doctrines of fraud, breach of fiduciary duty, and negligent misrepresentation. In the course of the arbitration proceedings, Merrill Lynch and Alberico asked that all untimely claims be dismissed. According to Merrill Lynch and Alberico, the federal securities claims were barred by a one-year statute of limitations and the state law claims arising prior to August 20, 1988, were barred by the Ohio four-year statute of limitations.[1] Jaros, on the other hand, maintained that all claims were timely filed and advanced several arguments in support of this contention.

The arbitration panel, of which two out of the three members were attorneys, denied the motion to dismiss and awarded Jaros $250,000 against Merrill Lynch and Alberico jointly and severally. That decision gave no explanation for denying the motion to dismiss or for making the award.

Following the determination, Merrill Lynch and Alberico sought review in the district court, claiming that the arbitrators had ignored the patent untimeliness of the claims thereby "manifestly disregarding" the governing law and requiring the district court to vacate the award. Conversely, Jaros contended that there were several rational bases for the denial of Merrill Lynch and Alberico's motion to dismiss and asked the district court to confirm the arbitration award.

Examining the arbitrators' determination, the district court found several grounds upon which the award could have been based.

The district court held that the determination was not so " 'palpably faulty' as to rise to the requisite level of irrationality needed to vacate the award." Accordingly, the district court denied the motion to vacate and confirmed the award.

## II.

The standard of appellate review of a district court's decision whether to vacate or confirm an arbitration award is governed by *First Options of Chicago, Inc. v. Kaplan*, —— U.S. ——, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995). Before *Kaplan*, the Eleventh Circuit applied a particularly deferential "abuse of discretion" standard to district court decisions that confirmed an arbitration award whereas decisions that set aside an award were reviewed under the ordinary standards. *Robbins v. Day*, 954 F.2d 679 (11th Cir.), *cert. denied*, 506 U.S. 870, 113 S.Ct. 201, 121 L.Ed.2d 143 (1992). In *Kaplan*, the Supreme Court put to rest any notion that the standard of review turns upon whether the district court vacated or confirmed the award.

■ In light of *Kaplan*, it is clear that the same standard of appellate review applies regardless of whether the district court confirms or sets aside the arbitration award. Findings of fact are reviewed for clear error and questions of law are reviewed *de novo*. *Kaplan*, —— U.S. at ——, 115 S.Ct. at 1926.

■ The relevant inquiry is, therefore, whether the arbitration panel acted in manifest disregard of the law thereby compelling this court to set aside the award.

## III.

■ A federal court may set aside an arbitration award only where certain statutory or judicially created grounds are present. The federal Arbitration Act, 9 U.S.C. §§ 10 and 11 (1982), sets forth a number of specific statutory grounds relating to a breakdown in the integrity of the arbitration process itself. Section 10 permits a district court to vacate

---

1. Merrill Lynch and Alberico's motion was for dismissal of certain claims only. Although they maintained that all federal securities claims were barred, they claimed that only a "portion of his [Jaros'] claims" under state common law was barred.

an award that was procured by corruption, fraud, or undue means, where there was evident partiality or corruption of the arbitrators, misconduct or misbehavior on the part of the arbitrators, or where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

As an alternative to these statutory grounds, a separate judicially created basis for vacation obtains where the arbitration award was made "in manifest disregard of the law." *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953). Although the parties have bargained for a resolution by way of arbitration, a blatant disregard of the applicable rule of law will not be tolerated. Even so, up to that point they must abide by the attributes of the process upon which they have agreed.

This court has emphasized that manifest disregard of the law is a very narrow standard of review. *Anaconda Co. v. District Lodge No. 27*, 693 F.2d 35 (6th Cir. 1982). A mere error in interpretation or application of the law is insufficient. *Anaconda*, 693 F.2d at 37–38. Rather, the decision must fly in the face of clearly established legal precedent. When faced with questions of law, an arbitration panel does not act in manifest disregard of the law unless (1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle.

Where, as here, the arbitrators decline to explain their resolution of certain questions of law, a party seeking to have the award set aside faces a tremendous obstacle. If a court can find any line of argument that is legally plausible and supports the award then it must be confirmed. Only where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside. *Storer Broadcasting Co. v. American Fed'n of Television and Radio Artists*, 600 F.2d 45 (6th Cir.1979); *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir.1992), *cert. denied*, 507

U.S. 915, 113 S.Ct. 1269, 122 L.Ed.2d 665 (1993).

Merrill Lynch and Alberico contend that all of Jaros' federal securities claims were barred by the statute of limitations. The statute of limitation for a federal securities claim is one year from the time of discovery or three years from the time the violation took place, whichever occurs first. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991).

It is not clear exactly when Jaros discovered his federal securities claims. In November of 1990, Jaros terminated his accounts with Merrill Lynch. In December of 1990, Jaros' son wrote a letter of complaint to Merrill Lynch. In October of 1991, Jaros sought out expert advice regarding his situation. Each of these events constitute a time when discovery of the claims may have taken place.

However, it appears as though discovery occurred at or near the time Jaros terminated his accounts. Just a short time after transferring his accounts, Jaros' son, an attorney, expressed his concerns to Merrill Lynch on behalf of his parents as to the manner in which the accounts had been handled. At this point, Jaros must have known of the facts giving rise to his securities claims. As no concealment or misrepresentation of critical facts was afoot, the doctrine of equitable tolling would be inapplicable. *Jones v. General Motors Corp.*, 939 F.2d 380, 385 (6th cir.1991). Because Jaros did not institute arbitration proceedings until much longer than one year later, it appears his federal securities claims were not timely brought.

Even so, we recognize that although all of the rules are clear in the abstract, differences of opinion can and do arise in application. Yet even a misapplication of well defined and explicit legal principles does not constitute manifest disregard. Therefore, we agree with the district court that it would not have been in manifest disregard of the law for the arbitration panel to conclude that Jaros' federal securities claims were not barred.

■ Nevertheless, Jaros also asserted state common law claims including: fraud, breach of fiduciary duty, and negligent misrepresentation. We agree with the district court that these state law claims also support the arbitration award.

■ Pursuant to Ohio Rev.Code § 2305.09, a four-year statute of limitations governs these Ohio common law claims. The time period begins to run when there was a reasonable opportunity to discover the actions complained of. *Au Rustproofing Ctr. v. Gulf Oil Corp.*, 755 F.2d 1231, 1237 (6th Cir.1985).

Merrill Lynch and Alberico claim that Jaros had constructive knowledge prior to August 22, 1988 (4 years before Jaros instituted arbitration proceedings). According to Merrill Lynch and Alberico, his monthly statements, his monthly confirmations of activity, his tax reporting statements and his 1987 federal tax return all should have put Jaros on notice of his common law claims.

Even accepting this argument as true, there was a period of two years and two months during which any claim that arose would not have been time barred. It is likely that at least one state law claim arose during this period and therefore would not be time barred. A single timely state law claim would support the arbitration award in its entirety.

## IV.

From this vantage point, it is impossible to tell what determination the arbitration panel made with respect to the timeliness of each claim. It is clear that a number of arguments were presented by the parties to the panel. As is permissible, the award fails to set out any explanation of the resolution of these arguments pertaining to the motion to dismiss.

Set within the context of the narrow scope of review for manifest disregard of the law, the court finds that the arbitrators' decision was not so patently contrary to established legal precedents as to necessitate that the award be vacated. Although it is likely that the federal securities claims were not timely brought, there is ample room for reasonable

debate as to both those claims and the state law claims. It being improper for a court to go behind the face of an arbitration award and attempt to fathom the resolution of arguments presented to the panel, we must confirm the award as there is a conceivable rational basis supporting the decision.

Accordingly, the decision of the district court is **AFFIRMED**.