**Duane MACK, Plaintiff–Appellant,**

v.

**STRATEGIC MATERIALS, INC.,**
**Defendant–Appellee.**

**No. 03–1966.**

United States Court of Appeals,
Sixth Circuit.

Sept. 2, 2004.

Jonathan A. Green, Green & Green, Farmington Hills, MI, for Plaintiff–Appellant.

Barry Y. Freeman, Duvin, Cahn & Hutton, Cleveland, OH, for Defendant–Appellee.

Before: CLAY and GILMAN, Circuit Judges; and MATIA, District Judge.*

PER CURIAM.

Plaintiff, Duane Mack, appeals from the judgment entered by the district Court,

---

* The Honorable Paul R. Matia, Chief United States District Judge for the Northern District of Ohio, sitting by designation.

denying Plaintiff's motion to vacate an arbitration award rendered on April 17, 2003, in favor of Defendant, Strategic Materials, Inc., on Plaintiff's original claim under Michigan's Workers Disability Compensation Act of 1969, M.C.L. § 418.101 *et seq.*, ("WDCA"). For the following reasons, the *district court's judgment is* **AFFIRMED.**

Defendant is one of the leading national glass recyclers, with its headquarters in Houston, Texas, and a plant on Morrell Street, in Detroit, Michigan.[1] Plaintiff, a 49–year–old male employee of Defendant, was assaulted on August 28, 1998, while working on Defendant's premises. Plaintiff was hired in June of 1998 to work as a night-shift supervisor at Defendant's Detroit plant. Plaintiff has no real memory of the events that lead up to the assault in question. Based on witness testimony, on August 28, 1998, Plaintiff was on duty at the plant when two unknown men entered Defendant's property at approximately 1:30 a.m. These two men approached one of Defendant's employees, Robert Dumas, and asked for "Duane." Dumas directed the two men towards Plaintiff and immediately left the area. Dumas claimed Plaintiff was aware of the two men coming towards him because Plaintiff was looking at the two men as Dumas directed them.

Moments later, Marco Noble, another one of Defendant's employees, discovered that Plaintiff had been severely beaten. As a result of the assault, Plaintiff received a head injury, various scars and contusions, and subsequently suffered from memory loss.[2]

On September 17, 1999, Plaintiff filed a worker's compensation claim against Defendant for the injuries he sustained. The Bureau of Worker's Compensation (the "Bureau") heard Plaintiff's claim on December 4 and 19, 2000, in a hearing presided over by Magistrate Judge Kenneth Block. Both parties "stipulated that they were subject [*sic*] the Worker's Disability [*sic*] Act." (J.A. at 212.) On January 5, 2001, Magistrate Judge Block issued a decision holding that Plaintiff's claim was not compensable under the Worker's Compensation Act because Plaintiff's injuries did not arise out of any employment relationship. (*Id.*)

Plaintiff subsequently filed a negligence suit against Defendants, growing out of the August 28, 1998 incident, in the Circuit Court for Wayne County, Michigan, on March 30, 2001. On May 29, 2001, Defendants removed the case to the district court based on diversity jurisdiction. The district court subsequently stayed the matter on July 10, 2001, pending the parties' arbitration of this dispute.

On January 28, 2003, the parties arbitrated their dispute before a three-member arbitration panel, consisting of one arbitrator chosen by each party and one neutral arbitrator, former Chief Judge of the Circuit Court for Oakland County, Michigan, Barry L. Howard. On April 17, 2003, Arbitrator Howard and Defendant's arbitrator issued an Award and Opinion ("Award") in Defendant's favor.

On April 24, 2003, Plaintiff moved the district court to vacate the Award on the grounds that it was allegedly issued in manifest disregard of the law. The district court initially scheduled a motions hearing regarding Plaintiff's claim, but subsequently cancelled the hearing, deem-

---

1. Defendants closed the Morrell Street plant in August of 1999.

2. Plaintiff suffered from a history of cocaine abuse, and was in fact hired by Defendant upon his release from drug rehabilitation in June of 1998. Plaintiff, however, admitted to resuming his cocaine addiction, and was using cocaine at and around the time of the assault.

ing it unnecessary. On June 16, 2003, the district court issued its opinion denying Plaintiff's motion to vacate. Plaintiff then filed this timely appeal.

This Court reviews a district court's legal conclusion to confirm or vacate an arbitration award *de novo*, and a district court's factual findings for clear error. *Int'l Bhd. of Teamsters, Local 519 v. United Postal Serv.*, 335 F.3d 497, 503 (6th Cir.2003). Great deference, however, by federal courts is warranted when reviewing an arbitrator's decision. *Nationwide Mutual Insurance, Co. v. Home Insurance Co.*, 278 F.3d 621, 625 (6th Cir.2002).

Judicially created grounds upon which the Court may vacate an arbitration award arise when the award is made in "manifest disregard of the law." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995). An arbitration award, however, must "fly in the face of established legal precedent" for us to find manifest disregard of the law. *Id.* To find manifest disregard, a court must find that the relevant case law was clearly defined and that the arbitrator consciously chose not to apply that law. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir.2000). In view of the narrow standard of review for arbitration awards, if a "reviewing court can find any line of argument that is legally plausible and supports the award, then it must be confirmed." *Jaros*, 70 F.3d at 421.

Because we agree with the district court's findings that Plaintiff's claim before the Bureau was correctly determined to be non-compensable under the WDCA—since his injuries did not occur in the course and scope of employment—but within the jurisdiction of the exclusive remedy provision, pursuant to M.C.L. § 418.131 of the WDCA, we affirm the district court's denial of Plaintiff's motion to vacate the arbitration award for the reasons stated in the district court's order rendered on June 16,

2003. *See Brattin v. Ford Motor Co.*, No. 202535, 1998 WL 1989519 (Mich.Ct.App. October 23, 1998) (per curiam) (unpublished) (holding that an employee may not, absent an intentional tort by the employer, sue an employer for negligence over an injury occurring at work but otherwise unrelated to her employment).

The arbitration award granted in Defendant's favor was not made in "manifest disregard of the law." *Jaros*, 70 F.3d at 421. Because Plaintiff's injury fell within the exclusive remedy jurisdiction of the WDCA, Plaintiff was precluded from bringing the same claim in civil court. *Jones v. General Motors Corp.*, 136 Mich. App. 251, 355 N.W.2d 646, 649 (Mich.1984).

Accordingly, based on our review of the record and for the reasons stated by the district court, the district court's judgment is **AFFIRMED**.