**GOLDEN BRANDS, LLC,**
Plaintiff–Appellee,

v.

**CASTLE CHEESE, INC., Defendant–Appellant.**

No. 03–6178.

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2004.

J. Gregory Troutman, Lee K. Garlove, Morris, Garlove, Waterman & Johnson, Louisville, KY, for Plaintiff–Appellee.

Alan N. Linker, Morris, Garlove, Waterman & Johnson, Richard V. Evans, Tachau, Maddox, Hovious & Dickens, Louisville, KY, for Defendant–Appellant.

Before KRUPANSKY and CLAY, Circuit Judges; and HAYNES, District Judge.*

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## ORDER

Castle Cheese, Inc. appeals from the order of the district court denying its motion to vacate an arbitration award and confirming the arbitration award in this breach of contract action filed under diversity jurisdiction, 28 U.S.C. § 1332. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

This case concerns claims relating to the termination of the contractual relationship between Golden Brands and Castle Cheese, Inc., each of whom claims the other was at fault. This case was filed in 2000. In the fall of 2001, the parties entered into an agreed order referring the case for arbitration. In September of 2002, the arbitrator awarded Golden Brands $116,936. The arbitrator denied Golden Brands' claims for carrying charges and pre-award judgment interest and denied Castle Cheese's claims for damages and reimbursement of fees and expenses. The arbitrator wrote his award in a single page and did not set out detailed findings of fact or conclusions of law.

The parties agreed that the arbitrator was required to apply Kentucky law, and they agreed that the standard for overturning an arbitration award was a very stringent one. Nonetheless, Castle Cheese filed a motion to vacate the award, contending that the award was entered in disregard of the facts and in disregard of applicable Kentucky law. Examining the arbitrator's determination, the district court found several grounds upon which the award could have been based. The district court held that the determination

was not procured by fraud, corruption or misconduct, and found a line of argument that was legally plausible and supported the award. Accordingly, the district court denied the motion to vacate and confirmed the award. This appeal followed.

When reviewing a district court's order refusing to vacate an arbitration award, we review the district court's findings of fact for clear error and its conclusions of law de novo. *See First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 947–48, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *AK Steel Corp. v. United Steelworkers of Am.,* 163 F.3d 403, 407 (6th Cir.1998).

A federal court may set aside an arbitration award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, only when certain statutory or judicially created grounds are presented. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros,* 70 F.3d 418, 420 (6th Cir.1995). The FAA provides several statutory bases upon which a court may vacate an arbitration award, none of which are alleged by Castle Cheese in this case. However, absent circumstances indicating that the arbitration process was tainted by the statutory grounds of fraud, corruption, or arbitrator misconduct, a federal court may also vacate arbitration awards made "in manifest disregard of the law." *Id.* at 421 (quoting *Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953)). The manifest disregard of the law standard is very narrow. "A mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 70 F.3d at 421 (citation omitted). An arbitrator acts in manifest disregard of the law only if the applicable legal principle is clear and well-settled and the arbitrator refuses to follow that legal principle. *Id.* When the arbitrator does not explain his

resolution of certain questions of law, as in this case, the award must be confirmed if the court can find any line of argument that is legally plausible and supports the award. *Id.*

Upon review, we conclude that the district court did not err in affirming the arbitrator's award. Golden Brands and Castle Cheese contracted for the sale of goods, which is governed by Article II of the Uniform Commercial Code ("UCC"), adopted in Kentucky effective as of July 1, 1960. Under the Uniform Commercial Code, parties may form an enforceable contract even if they fail to agree on one or more terms. Kentucky Revised Statute § 355.2–204 deals with the formation of a contract in general. The UCC does not require a party to sign a purchase order to constitute an acceptance of the contract. *See Home Lumber Co. v. Appalachian Reg'l Hosps., Inc.,* 722 S.W.2d 912, 913 (Ky.Ct.App.1987). Under Ky.Rev.Stat. § 355.2–204, "a contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."

Under Ky.Rev.Stat. § 355.2–609, "a seller with reasonable grounds for insecurity with respect to a buyer's performance has a right to suspend its own performance until receiving adequate assurance from the buyer." *Duddy v. Kitchen and Bath Distributors, Inc. (In re H.J. Scheirich Co.),* 982 F.2d 945, 951 (6th Cir.1993). Paragraph 1 of the Sales Contract's terms and conditions allowed Golden Brands the following options in the event Castle Cheese failed to provide shipping instructions: (1) extend the shipping time; (2) resell, for Castle Cheese's account, any undelivered portion of the Sales Contract; or (3) cancel the Sales Contract on any undelivered portion. In addition to the remedies in the Sales Contract, Ky.Rev.

Stat. § 355.2–703 sets forth certain remedies in the event Castle Cheese failed to provide shipping instructions. These remedies include withholding delivery of goods, reselling the property, or recovering damages for non-acceptance. Kentucky Revised Statute § 355.2–706 provides that when a seller resells goods, in a good-faith and commercially reasonable manner, the seller is entitled to recover the difference between the resale price and the contract price, together with any incidental damages. Thus, under both the Sales Contract and the UCC, Golden Brands is entitled to recover the damages it suffered due to the liquidation of the Sales Contract.

The record was adequate to permit a factfinder to determine that Castle Cheese had been late in pulling all or most of its orders, had regularly failed to make timely payments, was far behind in its orders, had failed to give reasonable notice when it intended to pull product, and declined the invitation to negotiate a resolution of the problem. If the arbitrator found that these facts existed, he was justified in determining that Castle Cheese had breached its contract and that Golden Brands was entitled to damages.

Within the context of the narrow scope of review for manifest disregard of the law, we find that the arbitrator's decision was not so patently contrary to established legal precedents as to necessitate that the award be vacated.

Accordingly, the district court's order is affirmed.