NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0281n.06

CASE NO. 18-1748

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| ARABIAN MOTORS GROUP, W.L.L., | ) | **FILED** |
| | ) | May 30, 2019 |
| *Plaintiff-Appellant*, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FORD MOTOR COMPANY, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| *Defendant-Appellee*. | ) | |
| | ) | |

Before: BOGGS, BATCHELDER, and STRANCH, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** In this interlocutory appeal, the plaintiff

challenges the district court's confirmation of an arbitration award.[1] We AFFIRM.

**I.**

In 2005, Arabian Motors Group W.L.L., a Kuwaiti company, entered into a resale

agreement ("Agreement") with Ford Motor Company, headquartered in Detroit, Michigan, under

which Arabian Motors would sell Ford brand cars in the Middle East. In that Agreement, both

parties agreed that any dispute arising from the breach or termination of the Agreement would be

subject to binding arbitration in accordance with the United Nations Commission on Trade Law

Arbitration Rules, including the question of whether the arbitrator had jurisdiction over the dispute.

---

[1] The plaintiff also seeks to appeal the district court's denial of a preliminary injunction to stay the arbitration. But, in its complaint, the plaintiff raised claims of breach of contract, breach of duty, fraud, and misrepresentation. The district court has not yet entered judgment on those claims. Consequently, this is an interlocutory appeal. Absent certification by the district court, *see* 28 U.S.C. § 1292(b), we lack jurisdiction to review "an interlocutory order . . . refusing to enjoin an arbitration." 9 U.S.C. § 16(b)(4). Our interlocutory review is limited to the order confirming the arbitration award. After the district court enters "a decision that ends the litigation on the merits" by disposing of the claims alleged in the complaint, the plaintiff may appeal that final judgment and raise the issues discussed in its preliminary-injunction motion. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000).

When Ford terminated the Agreement in March 2016, it submitted an arbitration demand to the American Arbitration Association, seeking a declaratory judgment that it had acted properly in terminating the Agreement and was, therefore, not liable to Arabian Motors. Arabian Motors objected to the arbitration demand, arguing that 15 U.S.C. § 1226 excused it from arbitration because § 1226 requires that for consent to arbitrate certain motor-vehicle-franchise contract disputes to be valid, that consent must be given *after* the dispute arises, and Arabian Motors had not so consented. Thus, Arabian Motors contends that a court—not the arbitrator—must decide whether Ford could compel it to arbitrate.

In October 2016, Arabian Motors sued Ford in the district court, seeking an injunction and a declaratory judgment that it was not bound to arbitrate. It also sought damages on claims of breach of contract, breach of duty, fraud, and misrepresentation. Because the arbitration was already underway, Arabian Motors moved immediately for a temporary injunction, which the court denied, holding that § 1226 does not apply to foreign dealerships so the Agreement's provisions controlled "and the arbitrator, *not the [c]ourt*, must decide whether Arabian Motors can be compelled to arbitrate its dispute with Ford." *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, 228 F. Supp. 3d 797, 799 (E.D. Mich. 2017) (emphasis in original), *reconsideration denied*, No. 16-CV-13655, 2017 WL 676943 (E.D. Mich. Feb. 21, 2017), *and motion to certify appeal denied*, No. 16-CV-13655, 2017 WL 2222552 (E.D. Mich. May 22, 2017).

In December 2016, the arbitrator ruled that § 1226 does not apply to foreign automobile dealers, so he had jurisdiction to decide the dispute and proceed to the merits. At that point, Arabian Motors asserted a defense and four counterclaims, including breach of contract, fraud, and misrepresentation. When Arabian Motors later decided to withdraw its counterclaims, Ford argued that the withdrawal must be "with prejudice." But, in permitting Arabian Motors to withdraw the counterclaims, the arbitrator expressly "made no determination of the effect of the

withdrawal on an attempt by [Arabian Motors] to re-assert the counterclaims in a future proceeding." In December 2017, the arbitrator ruled for Ford on the merits of the dispute, holding that Ford had properly terminated the Agreement, either as "at will" or "for cause," and awarded Ford approximately $ 1.35 million in fees and costs.

Back in the district court, Arabian Motors moved to vacate the arbitration award, arguing that the arbitrator acted with "manifest disregard for the law" when he concluded that § 1226 did not apply to the Agreement and that he lacked jurisdiction. Concurrently, Ford moved to confirm the award. The court, relying on its earlier analysis of the § 1226 question, "conclude[d] that the arbitrator did not make any error—and certainly did not show a 'manifest disregard for the law'— when, like the [district] [c]ourt, he concluded that [§ 1226] does not apply to the parties' contract and when, based upon that conclusion, he rejected Arabian Motors's argument that he lacked jurisdiction." *Arabian Motors Grp. W.L.L. v. Ford Motor Co.*, No. 16-CV-13655, 2018 WL 6427723, at *2 (E.D. Mich. Apr. 25, 2018). The court denied Arabian Motors's motion, granted Ford's motion, and on June 6, 2018, entered judgment in accordance with that order, confirming the arbitration award in all respects. Arabian Motors appealed.

Arabian Motors had pled claims of breach of duty, fraud, and misrepresentation in its complaint and, while it had dismissed those as counterclaims in the arbitration proceeding (with the right to reassert them in a future proceeding), it had not dismissed those claims from the civil litigation in the district court. Nor did the court's judgment expressly resolve those claims. Arabian Motors, therefore, retains the right to reassert those claims in the district court after this interlocutory appeal. We have jurisdiction to decide this appeal under 9 U.S.C. § 16(a)(1)(D). *See Grain v. Trinity Health, Mercy Health Servs. Inc.*, 551 F.3d 374, 377 (6th Cir. 2008).

**II.**

In an appeal from the confirmation of an arbitrator's award, we review the district court's findings of fact for clear error and conclusions of law de novo. *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 599 (6th Cir. 2016). But our "review [of] an arbitrator's decision . . . is very narrow[,] . . . one of the narrowest standards of judicial review in all of American jurisprudence." *Id*. at 600 (quotation marks omitted). In reviewing the arbitrator's decision, we must uphold the decision "as long as the arbitrator [wa]s even arguably . . . acting within the scope of his authority." *Michigan Family Res., Inc. v. Serv. Employees Int'l Union Local 517M*, 475 F.3d 746, 752-53 (6th Cir. 2007) (en banc) (quotation and editorial marks omitted).

Arabian Motors argues that the arbitrator here acted in "manifest disregard of the law" by concluding that § 1226 does not apply extraterritorially to foreign automobile dealerships, such as Arabian Motors. To prove "manifest disregard of the law," Arabian Motors had to show that "the applicable legal principle [wa]s clearly defined" and that the arbitrator "refused to heed that legal principle." *Marshall v. SSC Nashville Operating Co., LLC*, 686 F. App'x 348, 353 (6th Cir. 2017) (relying on and quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995)). An arbitrator's "mere error in interpretation or application of the law is insufficient." *Merrill Lynch*, 70 F.3d at 421. To be in "manifest disregard of the law," the arbitrator's "decision must fly in the face of clearly established legal precedent." *Id*.

The Supreme Court has set out a two-step test for deciding whether a statute applies extraterritorially. *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. --, 136 S. Ct. 2090, 2101 (2016). At the first step, we "ask whether the statute gives a clear, affirmative indication that it applies extraterritorially." *Id.* If it does not, then at the second step we ask whether "the conduct relevant to the statute's focus occurred in the United States," in which case the dispute "involves a permissible domestic application even if other conduct occurred abroad." *Id.*

4

Section 1226 applies to "motor vehicle franchise contracts," which, for our purposes, are contracts "under which a motor vehicle manufacturer, importer, or distributor sells motor vehicles to *any other person* for resale to an ultimate purchaser." § 1226(a)(1)(B) (emphasis added). This statute overcomes the delegation of arbitrability included in such contracts:

> [When] a motor vehicle franchise contract provides for the use of arbitration to resolve a controversy arising out of or relating to such contract, arbitration may be used to settle such controversy only if after such controversy arises all parties to such controversy consent in writing to use arbitration to settle such controversy.

§ 1226(a)(2). The arbitrator determined at step one of the *RJR Nabisco* test that, although facially limitless, the phrase "any other person" did not include foreign dealerships, such as Arabian Motors, because there was no "clearly expressed congressional intent to" apply the statute extraterritorially. *See RJR Nabisco*, 136 S. Ct. at 2100. The arbitrator considered the statutory text (including Arabian Motors's *expressio unius est exclusio alterius* argument), the statute's purpose and effect, and the legislative history, to conclude that Arabian Motors had failed to rebut the presumption against the extraterritorial application. The arbitrator concluded that "nothing in Section 1226 provides a clear, affirmative indication that Congress intended to shield foreign dealerships from mandatory arbitration."

In this appeal, Arabian Motors points out, correctly, that this question—whether § 1226 provides a clear, affirmative indication that it applies to agreements between domestic manufacturers and foreign dealerships—is "an issue of national first impression." The resolution of this issue has not been clearly established by any existing legal principles in our caselaw. Instead, the arbitrator applied traditional tools of statutory interpretation without the aid of precedent that directly addressed the question. Under these circumstances, the arbitrator, at most, could have made an "error in interpretation or application of the law," and that is "insufficient" to constitute a manifest disregard for the law. *See Merrill Lynch*, 70 F.3d at 421. In fact, Arabian Motors argues in its appellate brief that by disagreeing with Arabian Motors's view of the canons

of statutory construction, the statute's purpose, the legislative history, and the public-policy benefits, the arbitrator misapplied precedent, including *RJR Nabisco*. But those types of evaluations and determinations are directed to the arbitrator's judgment, and these challenges do not show that the arbitrator "refused to heed [a clearly established] legal principle." *See Merrill Lynch*, 70 F.3d at 421.

Arabian Motors also argues that the arbitrator erred at step two of the *RJR Nabisco* test by finding "that Section 1226 should not be given domestic application under the facts of this case." This is a mixed question of law and fact: (1) what is the statute's "focus," and (2) did the facts relevant to that focus occur in the United States. *See RJR Nabisco*, 136 S. Ct. at 2101. The arbitrator appropriately examined the ambiguous statutory language using traditional tools of statutory interpretation to decide "that the focus of the statute is not on where the contract with the manufacturer was negotiated or what law governs, but rather on the protection of domestic U.S. automobile dealers," and therefore this dispute—involving a foreign automobile dealer—had no domestic application. The arbitrator showed no manifest disregard for the law in concluding that the statute's focus is on domestic automobile dealers. Moreover, the arbitrator's decision that no facts relevant to the statute's focus occurred in the United States is a factual determination and, as such, does not raise a claim of manifest disregard for the law.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.