NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0360n.06
Case No. 18-6292

**FILED**
Jul 15, 2019
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| DR. NOREEN GIBBENS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| OPTUMRX, INC. d/b/a HI | ) | TENNESSEE |
| HEALTHINNOVATIONS, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SUHRHEINRICH, CLAY, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** After Dr. Noreen Gibbens voiced concerns about the validity of her company's products, her employer, OptumRx, Inc., demoted her. Eventually, the working conditions became such that Gibbens resigned. She then sued her employer, alleging retaliation in violation of (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, *et seq.* ("Title VII"), and (2) the Consumer Product Safety Improvement Act, 15 U.S.C. § 2087 ("CPSIA"). Pursuant to the parties' valid and binding arbitration agreement, the district court ordered the parties into arbitration and stayed all proceedings.[1] Over a year later, Gibbens filed an arbitration demand. Based on the same facts

---

[1]Gibbens challenges neither the validity of the agreement nor whether it applies to her claims.

underpinning her initial complaint, she alleged retaliation under (1) the Tennessee Public Protection Act, Tenn. Code Ann. § 50-1-304 ("TPPA"), and (2) the CPSIA. The arbitrator dismissed Gibbens' claims with prejudice. He concluded that the TPPA claim was time-barred by Tennessee's one-year statute of limitations and that Gibbens failed to exhaust her administrative remedies for the CPSIA claim. The district court confirmed the arbitrator's award. Gibbens now appeals, arguing that the arbitrator's decision was in manifest disregard of the law. We disagree and affirm the district court's order confirming the award.

## I.

### BACKGROUND

Gibbens worked as a licensed audiologist for OptumRx, which provides a hearing-aid benefit for Medicare Advantage members, from February 2012 until February 2016. As early as 2014, Gibbens voiced concerns about the validity of the hearing tests the company marketed. After communicating her concerns to OptumRx, she filed a complaint with the Food and Drug Administration based on "consumer protection and defective product concerns" in May 2015. R. 1, PageID 4. Shortly thereafter, OptumRx demoted Gibbens "with no explanation." *Id.* She was then placed on a "corrective action plan" for "inappropriate behavior" such as "being overly argumentative when presenting concerns or issues in response to constructive feedback." *Id.*, PageID 5. In February 2016, Gibbens resigned "due to working conditions being intolerable and having significant impacts on her health, well-being, and professional reputation." *Id.*

Gibbens filed a complaint against OptumRx in the Middle District of Tennessee on April 8, 2016. Believing she was constructively discharged based on her complaints about the company's hearing-test products, she alleged retaliation under Title VII and the CPSIA. Pursuant to the parties' valid and binding arbitration agreement, in which they agreed to resolve employment

disputes through arbitration, the district court ordered Gibbens on June 13, 2016, to submit her claims to arbitration and stayed all court proceedings pending the outcome of the arbitration.

On September 9, 2016, Gibbens' attorney was suspended from the practice of law after "fail[ing] to respond to the Board [of Professional Responsibility] regarding complaints of misconduct, misappropriat[ing] funds and pos[ing] a threat of substantial harm to the public." R. 24-3, PageID 127. He was ordered to cease representing existing clients by October 9, 2016. The Chancery Court of Sumner County, Tennessee, appointed a receiver attorney on December 22, 2016.

Gibbens filed an arbitration demand on July 19, 2017. Based on the same underlying facts as her initial complaint, she alleged retaliation under the TPPA and the CPSIA. After considering briefs from both parties, the arbitrator dismissed Gibbens' claims with prejudice.

First, the arbitrator dismissed the TPPA claim as untimely because Gibbens filed the arbitration demand more than a year after she suffered the alleged retaliatory firing in February 2016, which meant the claim was time-barred. In response to Gibbens' argument that her claim was saved by the "relation-back" doctrine under Federal Rule of Civil Procedure ("FRCP") 15(c), the arbitrator noted that it was unclear whether that relation-back doctrine applied, and that, even if it did, Gibbens' TPPA claim was still time-barred because Gibbens filed her arbitration demand more than a year after the district court stayed the proceedings.

Second, the arbitrator dismissed the CPSIA claim after finding that Gibbens did not exhaust her administrative remedies by filing a complaint with the Secretary of Labor. Although there was not binding precedent governing this issue, the arbitrator noted that "the majority of courts addressing . . . whether § 2807(b) require[s] exhaustion of administrative procedures prior to filing a lawsuit have held that it is mandatory," and that other sections of the federal regulations

reaffirmed the exhaustion requirement. R. 24-1, PageID 104. The arbitrator therefore dismissed the claim.

Gibbens filed a motion to vacate the arbitration award, arguing that the decision amounted to a "manifest disregard of the law." In turn, OptumRx filed a motion to confirm the award. Finding that Gibbens did "not come close to establishing that the Arbitrator acted in manifest disregard of the law[,]" the district court confirmed the arbitration award on November 13, 2018. R. 27, PageID 218. Gibbens timely appealed.

## II.

## ANALYSIS

### 1. Standard of Review

When reviewing a district court's decision to confirm an arbitration award, we review legal questions *de novo* and factual findings for clear error. *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 420 (6th Cir. 1995) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 947-48 (1995)).

"The Federal Arbitration Act ("FAA") expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. v. Home Ins.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C § 9). Thus, "[w]hen courts are called on to review an arbitrator's decision, the review is very narrow; it is one of the narrowest standards of judicial review in all of American jurisprudence." *Samaan v. Gen. Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (quoting *Uhl v. Komatsu Forklift Co.*, 512 F.3d 294, 305 (6th Cir. 2008)). The FAA provides four grounds upon which a court can vacate an arbitration award: (1) where the award was procured by corruption, fraud, or undue means; (2) where an arbitrator evidenced partiality or corruption; (3) where the arbitrators were guilty of misconduct; and (4) where the arbitrators exceeded their

power. 9 U.S.C. § 10(a). Additionally, this court recognizes a fifth—perhaps collective shorthand—ground for vacatur: an arbitrator's manifest disregard of the law. *E.g.*, *Marshall v. SSC Nashville Operating Co.*, 686 F. App'x 348, 353 (6th Cir. 2017) ("We have previously held that despite the Supreme Court's language in *Hall Street Associates*, the 'manifest disregard' doctrine remains a viable ground for attacking an arbitrator's decision . . . ."); *Coffee Beanery, Ltd. v. WW, L.L.C.*, 300 F. App'x 415, 418–19 (6th Cir. 2008) (noting that in light of the ambiguous holding of *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 585 (2008), "this court will follow its well-established precedent here and continue to employ the 'manifest disregard' standard").

For this court to find that the arbitrator manifestly disregarded the law, "[a] mere error in interpretation or application of the law is insufficient. Rather, the decision must fly in the face of clearly established legal precedent." *Jaros*, 70 F.3d at 421 (internal citation omitted). A claimant meets this standard by showing "(1) the applicable legal principle is clearly defined and not subject to reasonable debate; and (2) the arbitrators refused to heed that legal principle." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 330 F.3d 843, 847 (6th Cir. 2003). Hence, "we may set aside the arbitrator's decision only if, after applying 'clearly established legal precedent, . . . no judge or group of judges could conceivably come to the same determination." *Elec. Data Sys. Corp. v. Donelson*, 473 F.3d 684, 691 (6th Cir. 2007) (quoting *Jaros*, 70 F.3d at 421). "Thus, to find manifest disregard a court must find two things: the relevant law must be clearly defined and the arbitrator must have consciously chosen not to apply it." *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing *M & C Corp. v. Erwin Behr GmbH & Co.*, 87 F.3d 844, 851 n. 3 (6th Cir. 1996)).

## 2. TPPA Claim

Gibbens contends that the arbitrator manifestly disregarded the law when he determined that the TPPA claim was time-barred. We disagree. The arbitrator's decision that Gibbens' TPPA claim was time-barred was well-reasoned, logical, and did not contravene clearly defined law. It therefore was not in manifest disregard of the law.

Under the AAA's Employment Arbitration Rule 4(b)(i)(1) and the parties' arbitration agreement, Gibbens was required to file her arbitration demand within the applicable statute of limitations. A retaliatory discharge claim under the TPPA has a one-year statute of limitations that accrues when the claimant knows or should know of the alleged injury. Tenn. Code Ann. § 28-3-104 (West); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 460 (6th Cir. 2001) (citing *Weber v. Moses*, 938 S.W.2d 387, 393 (Tenn. 1996)). Gibbens alleges that she was constructively discharged in February 2016. Accordingly, under the applicable statute of limitations, she had until February 2017 to file her TPPA claim. Gibbens did not allege violation of the TPPA until she filed her arbitration demand on July 19, 2017, about seventeen months after the alleged injury. Thus, unless the arbitrator flouted clearly established precedent in applying the one-year statute of limitations, the arbitrator's conclusion that Gibbens' TPPA claim was time-barred was not in manifest disregard of the law.

First, Gibbens argues that the arbitrator failed to apply clearly established law when he declined to apply the "relation back" doctrine in FRCP 15(c). Under Rule 15, a plaintiff may amend her pleading to add a new claim or defense that would otherwise be time-barred when the amended pleading "relates back" to the original timely-filed pleading. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). A pleading amendment "relates back" to the original pleading when the new claim arises "out of the conduct, transaction, or occurrence set forth" in the original

pleading. *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *see* Fed. R. Civ. P. 15(c)(1)(B). Gibbens contends that Rule 15 salvages her claim because it was "based upon the exact same facts and parties found in her original complaint[,]" and transferring "her complaint to the arbitration is simply a continuation of her claim filed in federal court but in a different venue." Appellant's Br. at 21–22.

In considering this issue, the arbitrator surveyed relevant caselaw and accurately determined that no authority controls the precise question of whether and how the relation-back doctrine applies in this context. The arbitrator reasonably distinguished the cases Gibbens cited—*Boddy* and *Sessions*—because "neither involved cases originally brought in a court, which were subsequently stayed and ordered to proceed to arbitration." R. 24-1, PageID 100-01 (citing *Boddy v. Dean*, 821 F.2d 346 (6th Cir. 1987) and *Sessions v. Rusk State Hosp.*, 648 F.2d 1066 (5th Cir. 1981)). Even so, the arbitrator considered what the effect would be if the relation-back doctrine *did* apply. He looked to *Flying Tiger Line*, which counsels that when a plaintiff incorrectly brings an action in court before filing an arbitration demand, the statute of limitations tolls for the period between when the complaint is filed and when the court stays the matter pending arbitration. He determined that "even if Claimant had asserted her TPPA claim in her original federal court action, she failed to file her demand within the applicable statute of limitations period" because more than a year passed between the court order staying the proceedings and Gibbens' filing her arbitration demand. R. 24-1, PageID 101 (citing *Flying Tiger Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 659 F. Supp. 13, 18–19 (D. Del. 1986)). Thus, the arbitrator's consideration of the relation-back doctrine and subsequent conclusion that Gibbens' TPPA claim was time-barred does not—at all—indicate that he "must have consciously chosen not to apply [clearly defined law]." *Dawahare*, 210 F.3d at 669. It therefore was not in manifest disregard of the law.

Second, Gibbens contends that the arbitrator manifestly disregarded the law in declining to apply equitable tolling to her TPPA claim for the time period between when her counsel was suspended and new counsel was appointed. As a threshold matter, Gibbens did not raise this argument during the arbitration proceedings. R. 24-1, PageID 101 n.2 ("In the instant case, Claimant has raised no arguments with respect to equitable tolling."). As such, this argument is waived. *Armco Emps. Indep. Fed'n., Inc. v. AK Steel Corp.*, 149 Fed. Appx. 347, 352 (6th Cir. 2005) (citing *Nationwide Mut. Ins. Co. v. Home Ins. Co.,* 330 F.3d 843, 846 (6th Cir. 2003); AFL–CIO v. *United States Postal Serv.,* 751 F.2d 834, 841 n. 4 (6th Cir. 1985); and *Order of Ry. Conductors & Brakemen v. Clinchfield R.R. Co.,* 407 F.2d 985, 988 (6th Cir. 1969). Accordingly, it is illogical to conclude that the arbitrator manifestly disregarded law that Gibbens never asked him to consider.

Even if we consider this argument, however, Gibbens still does not prevail. The arbitrator *sua sponte* considered whether equitable tolling applied and found that, even if the statute of limitations were tolled for the time period in which Gibbens did not have an attorney, her claim would still be time-barred. Gibbens' attorney was suspended in September 2016 and was ordered to stop representing clients by October 9, 2016. The Chancery Court of Sumner County, Tennessee, appointed a receiver on December 22, 2016. Therefore, Gibbens went unrepresented for three months, but she filed her TPPA claim seventeen months after the alleged constructive discharge. Thus, the arbitrator's decision not to apply equitable tolling—which Gibbens did not raise and would not have saved her claim anyway—was reasoned and logical. Because the arbitrator's decision does not "fly in the face of clearly established legal precedent," *Jaros*, 70 F.3d at 421, it was not in manifest disregard of the law.

### 3. CPSIA Claim

Next, Gibbens asserts that the arbitrator's dismissal of her CPSIA claim for failure to exhaust her administrative remedies was in manifest disregard of the law. She contends that because 15 U.S.C. § 2087(b)(1) provides that a claimant "*may*, not later than 180 days after the date on which such violation occurs, file . . . a complaint with the Secretary of Labor . . .[,]" the exhaustion requirement is permissive rather than mandatory. *Id.* (quoting 15 U.S.C. § 2087(b)(1)). She therefore argues that "an employee's choice to file directly with the [f]ederal [c]ourt cannot be grounds of dismissal for failing to exhaust administrative remedies." Appellant Br. at 18–19. The arbitrator's decision to the contrary, however, was thorough, well-reasoned, and grounded in the statutory text. Thus, it was not in manifest disregard of the law.

In evaluating whether administrative exhaustion is grounds for dismissal, the arbitrator considered relevant precedent and found that "the majority of courts addressing the issue of whether § 2087(b) require[s] exhaustion of administrative procedures prior to filing a lawsuit have held that it is mandatory." R. 24-1, PageID 104 (compiling cases). This conclusion was reasonable. *See Hall v. Wells Fargo & Co.*, No. EDCV 17-02465 JGB (KKx), 2018 WL 6016143, at *4 (C.D. Cal. Feb. 22, 2018); *Wilson v. E.I. Du Pont de Nemours & Co.*, No. CV 15-967-LPS, 2017 WL 960395, at *2 (D. Del. Mar. 13, 2017), *aff'd sub nom.*, *Wilson v. EI DuPont de Nemours & Co.*, 710 F. App'x 57 (3d Cir. 2018); *Jallali v. USA Funds*, No. 11-62510-CIV, 2012 WL 3291873, at *5 (S.D. Fla. Aug. 13, 2012). The arbitrator also noted that one case, *Parker*, reached a different conclusion than the majority of courts he surveyed. R. 24-1, PageID 103 (citing *Parker v. 4247 FX, Inc.*, No. CV 16-2710, 2017 WL 2002794, at *10 n.8 (E.D. Pa. May 12, 2017), *appeal dismissed*, No. CV 17-2601, 2017 WL 7000263 (3d Cir. 2017)). Thus, rather than "consciously

[choosing] not to apply [clearly defined law,]" *Dawahare*, 210 F.3d at 669, the arbitrator considered the available precedent and reached a reasonable conclusion.

Further, the arbitrator examined related federal regulations and concluded that they "reaffirmed" the exhaustion requirement. He found that the related regulations allowed a plaintiff to bring a CPSIA-retaliation lawsuit in two limited circumstances: "if there has been no final decision of the Secretary within 210 days of the filing of the complaint, or within 90 days after receiving a written determination." R. 24-1, PageID 106 n.5 (quoting 77 Fed. Reg. 40494, 40502 (July 10, 2012)). *See* 29 C.F.R. § 1983.114(a)(1)–(2). Thus, the arbitrator reasonably concluded that the statute, despite its use of "may," contemplates administrative exhaustion before a claimant may file a lawsuit. Gibbens has not shown that the arbitrator "refused to heed" a clearly defined legal principle, *Jaros*, 70 F.3d at 421, or that "no judge or group of judges could conceivably come to the same determination," *Donelson*, 473 F.3d at 691. Thus, the arbitrator's decision was not in manifest disregard of the law.

## III.
## CONCLUSION

For these reasons, we affirm the district court's order granting OptumRx's motion to confirm the arbitrator's award.