**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0188-23

MICHAEL SHEFTON,

    Plaintiff-Appellant,

v.

EAST ORANGE GENERAL
HOSPITAL and JIM KIMBERLING,

    Defendants-Respondents.

_____

Argued September 25, 2024 – Decided December 6, 2024

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4145-21.

Luretha M. Stribling argued the cause for appellant (Luretha M. Stribling, LLC, attorney; Luretha M. Stribling, on the briefs).

Ivan R. Novich argued the cause for respondents (Littler Mendelson, PC, attorneys; Ivan R. Novich and Pierre Chwang, of counsel and on the brief).

PER CURIAM

Plaintiff Michael Shefton appeals from the Law Division's August 25, 2023 orders denying his motion to vacate the arbitration award, granting the cross-motion to confirm the arbitration award in favor of defendants East Orange General Hospital (the hospital) and Jim Kimberling, and dismissing with prejudice plaintiff's complaint.  We affirm.

I.

The hospital hired plaintiff in 2012.  In 2016, plaintiff and a hospital representative signed a mutual agreement to arbitrate (the arbitration agreement).  The arbitration agreement required any employment dispute to be submitted to binding arbitration in accordance with the JAMS[1] Employment Arbitration Rules and Procedures.  After a series of disciplinary actions were taken against him, plaintiff was terminated from employment with the hospital in 2019.

On March 25, 2021, plaintiff filed a complaint under the New Jersey Law Against Discrimination (LAD), N.J.S.A. 10:5-1 to -50, claiming the disciplinary "write-ups" were contrived and the hospital's reason for terminating him was pre-textual.  He alleged discrimination based on race (count one) and religion (count two), and hostile work environment and harassment (count three).

---

[1]  JAMS is the acronym for the Judicial Arbitration and Mediation Services, Inc.

In lieu of an answer, defendants moved to dismiss the complaint and compel arbitration, which plaintiff opposed. On October 22, 2021, the trial court granted defendants' motion and dismissed the complaint without prejudice, noting "Plaintiff may pursue his claims in arbitration."

Plaintiff did not initiate arbitration with JAMS. Instead, seven months after the dismissal order, he moved to restore the case to active status. In counsel's certification in support of the motion, plaintiff averred that defendants never scheduled the case for arbitration. In response to the motion, defendants argued it was plaintiff's responsibility to initiate arbitration pursuant to the JAMS Employment Arbitration Rules and Procedures. The trial court denied plaintiff's motion to restore the case to active status, noting arbitration had not been conducted and plaintiff failed to demonstrate any basis to reinstate the case.

In November 2022, the parties agreed to engage a retired judge to arbitrate the matter. In June 2023, the arbitrator dismissed plaintiff's claims with prejudice because plaintiff failed to initiate arbitration within the applicable two-year statute of limitations. The arbitrator also rejected plaintiff's contention the statute of limitations should have been equitably tolled, finding the argument lacked merit.

A-0188-23

Plaintiff then moved to vacate the arbitrator's decision. Defendants opposed the motion and cross-moved to confirm the arbitration award and dismiss the complaint with prejudice.

On August 25, 2023, after considering oral argument, the court issued an oral decision denying plaintiff's motion to vacate the arbitration award, granting defendants' cross-motion to confirm the arbitration award, and dismissing the complaint with prejudice.

On appeal, plaintiff raises the following arguments: 1) the trial court improperly compelled the parties to arbitrate the matter because the arbitration agreement did not provide adequate notice or sufficient language to demonstrate plaintiff knowingly and voluntarily waived his right to proceed in court; 2) the arbitration agreement is in violation of N.J.S.A. 10:5-12.7 and therefore unenforceable; and 3) the arbitrator acted with "manifest disregard" of the law in the arbitration decision and therefore the trial court should not have confirmed the arbitration award.

## II.

For several reasons, we decline to address the merits of plaintiff's flawed challenge to the court's October 22, 2021 order dismissing the complaint in favor of arbitration. Plaintiff did not list this order in his amended notice of appeal,

A-0188-23

as required by Rule 2:5-1(f)(2)(ii), nor did he include a transcript of the proceedings and oral decision, as required by Rule 2:5-4(a).

Plaintiff is also out of time to appeal the order. "Rule 2:2-3(a) governs the right to appeal to the Appellate Division from final judgments and also delineates various orders that, although interlocutory, are deemed final for purposes of taking an appeal as of right." GMAC v. Pittella, 205 N.J. 572, 583 (2011). "[O]rders compelling or denying arbitration, whether the action is dismissed or stayed," are appealable as of right. R. 2:2-3(b)(8); see also GMAC, 205 N.J. at 585-87. This is because "[a] reference to arbitration, unlike most interlocutory orders, terminates the role of the courts altogether." GMAC, 205 N.J. at 586. "Because the order shall be deemed final, a timely appeal on the issue must be taken then or not at all. A party cannot await the results of the arbitration and gamble on the results." Ibid.

Our Supreme Court in GMAC warned:

> as of [March 23, 2011], litigants and lawyers in New Jersey are on notice that all orders compelling and denying arbitration shall be deemed final for purposes of appeal, regardless of whether such orders dispose of all issues and all parties, and the time for appeal therefrom starts from the date of the entry of that order.
>
> [205 N.J. at 587.]

A-0188-23

Plaintiff failed to file an appeal of the order within forty-five days pursuant to Rule 2:4-1(a), and therefore he is precluded from raising this untimely challenge now.

We also reject plaintiff's belated contention, not raised to the trial court,[2] that amendments to the LAD, codified at N.J.S.A. 10:5-12.7, render the arbitration agreement unenforceable.  N.J.S.A. 10:5-12.7(a) states, "A provision in any employment contract that waives any substantive or procedural right or remedy relating to a claim of discrimination, retaliation, or harassment shall be deemed against public policy and unenforceable."

Here, the arbitration agreement was executed February 12, 2016.  The amendments to the LAD became effective March 18, 2019, and applied prospectively.  Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 564 (App. Div. 2022) (citing L. 2019, c. 39, § 6).  Accordingly, the provisions of N.J.S.A. 10:5-12.7 prohibiting waiver of a substantive or procedural right or remedy under the LAD do not apply retroactively to this arbitration agreement.

---

[2]  We ordinarily disregard the claim of an error or omission not brought to the attention of the trial court "unless it is of such a nature as to have been clearly capable of producing an unjust result." R. 2:10-2.  However, because plaintiff's argument concerns an issue of public policy, we address it here.  See Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (noting that unless an issue goes to the jurisdiction of the trial court or concerns matters of substantial public interest, the appellate court will ordinarily not consider it).

Moreover, the prohibitions contained in N.J.S.A. 10:5-12.7 are inapplicable to this arbitration agreement because it is governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. In Antonucci, we held that under the United States Constitution's Supremacy Clause, U.S. Const. art. VI, cl. 2, the FAA preempts N.J.S.A. 10:5-12.7 regarding an agreement governed by the FAA. 470 N.J. Super. at 564-66. Thus, we reject plaintiff's argument the arbitration agreement is void as against public policy under N.J.S.A. 10:5-12.7.

We next address plaintiff's challenge to the orders denying his motion to vacate the arbitration award, granting defendants' motion to confirm the arbitration award, and dismissing the complaint with prejudice.

We review de novo a trial court's legal conclusions to affirm or vacate arbitration awards. Pami Realty, LLC v. Locations XIX Inc., 468 N.J. Super 546, 556 (App. Div. 2021). "As the decision to vacate an arbitration award is a decision of law, [we] review[] the denial of a motion to vacate an arbitration award de novo." Minkowitz v. Israeli, 433 N.J. Super. 111, 136 (App. Div. 2013) (citing Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010)). But, "there exists a strong preference for judicial confirmation of arbitration awards," Middletown Twp. PBA Loc. 124 v. Twp. of Middletown, 193 N.J. 1, 10-11 (2007) (quoting N.J. Tpk. Auth. v. Loc. 196, I.F.P.T.E., 190 N.J. 283, 292

(2007)), and we give such awards "considerable deference," <u>Borough of E. Rutherford v. E. Rutherford PBA Loc. 275</u>, 213 N.J. 190, 201 (2013).

Plaintiff argues the trial court should have vacated the arbitration award because the arbitrator manifestly disregarded the law. He contends the arbitrator should have permitted equitable tolling because the complaint was timely filed in Superior Court and therefore the commencement of arbitration was also timely. Plaintiff submits there was no prejudice to defendants, and maintains defendants were responsible for initiating the arbitration process. We are unpersuaded by these contentions.

Because the arbitration agreement is governed by the FAA, " a court only may vacate an award in limited circumstances." <u>Hirsch v. Amper Fin. Servs., LLC</u>, 215 N.J. 174, 182 n.3 (2013) (citing 9 U.S.C. § 10).

In addition to the grounds enumerated in 9 U.S.C. § 10 that warrant vacatur of an arbitration award, an arbitration award may also be vacated under the unenumerated "manifest disregard" standard "where an arbitrator 'appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it.'" <u>Whitehead v. Pullman Grp., LLC</u>, 811 F.3d 116, 121 (3d Cir. 2016) (quoting <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker</u>, 808 F.2d 930, 933 (2d Cir. 1986)).

"The FAA does not permit vacating an arbitration award for 'simply an error of law.'" Allied Painting & Decorating, Inc. v. Int'l Painters & Allied Trades Indus. Pension Fund, 107 F.4th 190, 195 (3d Cir. 2024) (first citing Whitehead, 811 F.3d at 120. "[T]he arbitrator['s] decision 'must fly in the face of clearly established legal precedent.'" Whitehead, 811 F.3d at 121 (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros, 70 F.3d 418, 421 (6th Cir. 1995)). "[The Third Circuit] ha[s] therefore described this standard as 'extremely deferential.'" Ibid. (quoting Dluhos v. Strasberg, 321 F.3d 365, 370 (3d Cir. 2003)).

Equitable tolling affords relief from inflexible, harsh, or unfair application of a statute of limitations, but it requires the exercise of reasonable insight and diligence by a person seeking its protection. Villalobos v. Fava, 342 N.J. Super. 38, 52 (App. Div. 2001). A court may equitably toll a statutory limitations period "under very limited circumstances." Barron v. Gersten, 472 N.J. Super. 572, 577 (App. Div. 2022). The remedy may be appropriate "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has 'in some extraordinary way' been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." Ibid. (alterations in original) (quoting F.H.U. v. A.C.U., 427 N.J. Super. 354,

379 (App. Div. 2012)).  Ordinarily, to benefit from equitable tolling, a plaintiff must demonstrate diligence in the pursuit of a claim.  Ibid.

Here, the arbitrator considered plaintiff's arguments for equitable tolling and opined that "while equitable tolling would be an appropriate solution in some cases, the amount of time which has passed during which [p]laintiff took no action to move forward with arbitration has foreclosed that option."  The arbitrator distinguished this case from Price v. N.J. Mfrs. Ins. Co., 182 N.J. 519 (2005), where equitable tolling was warranted because an adversary "lulled" the plaintiff into the false sense that a complaint was unnecessary, because "[h]ere there was no reason for [plaintiff] to believe that a timely arbitration claim had been filed."  The arbitrator stated, "While the statute of limitations may be flexible when a claim is properly filed in an incorrect venue, litigants cannot sit on their hands for an indefinite period of time.  Plaintiffs must exercise due diligence in refiling in the proper venue."  The arbitrator also found plaintiff's contention it was defendants' burden to file the arbitration claim "not legally persuasive or sound."

The trial court found the arbitrator considered the legal principles underlying equitable tolling, thoroughly analyzed the underlying facts and procedural history of this case, and did not "manifestly disregard" the law.  We concur with the court's determination.

10

Because there was no basis on which to vacate the arbitrator's award, we find no error in the trial court's order confirming the award and dismissing the complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11