**SHERROCK BROTHERS, INC., Appellant**

**v.**

**DAIMLERCHRYSLER MOTORS COMPANY, LLC.**

Amended per Clerk's order of 3/14/07.

No. 06–4767.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 26, 2007.

Filed: Jan. 7, 2008.

Kevin C. Quinn, Wright & Reihner, Scranton, PA, for Appellant.

Robert D. Cultice, Wilmer Cutler Pickering Hale & Dorr, Boston, MA, Gerald E. Burns, Buchanan Ingersoll & Rooney, Philadelphia, PA, Rebecca J.K. Gelfond, Wilmer Cutler Pickering Hale and Dorr, Washington, DC, for Appellee.

Before: SLOVITER, CHAGARES, and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

CHAGARES, Circuit Judge.

Sherrock Brothers, Inc. (Sherrock) appeals the District Court's order denying its petition to vacate and remand an arbitration award that granted summary judgment for DaimlerChrysler Motors Company, LLC (DaimlerChrysler) on res judicata, collateral estoppel, and waiver grounds. The District Court found that: (1) the arbitration panel majority's rulings on res judicata, collateral estoppel, and waiver did not manifestly disregard the law, and (2) the panel majority did not commit misconduct or exceed its powers by using summary judgment to dispose of Sherrock's arbitration claims. We agree and will affirm the District Court's decision.

### I.

The District Court exercised jurisdiction over Sherrock's petition to vacate and remand the arbitration award and DaimlerChrysler's cross-petition to confirm the award pursuant to 28 U.S.C. § 1332(a) and 9 U.S.C. §§ 9, 10.[1] We have appellate jurisdiction over Sherrock's appeal from the final judgment of the District Court confirming the award under 28 U.S.C. § 1291 and 9 U.S.C. § 16(a). We review a district court's denial of a motion to vacate a commercial arbitration award *de novo*. *Kaplan v. First Options*, 19 F.3d 1503, 1509 (3d Cir.1994), *aff'd,* 514 U.S. 938, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995); *Mutual Fire, Marine & Inland Ins. Co. v. Norad Reinsurance Co.*, 868 F.2d 52, 56 (3d Cir.1989) ("In reviewing the district court's denial of appellants [sic] motion to vacate the arbitration award, this Court will stand in the shoes of the district court and determine whether appellants were entitled to vacate the arbitration award pursuant to 9 U.S.C. § 10[ ].").

---

1. As we write only for the parties, a separate recitation of the facts is unnecessary.

## II.

Review of arbitration awards is "extremely deferential," and vacatur is appropriate only in "exceedingly narrow" circumstances. *Dluhos v. Strasberg*, 321 F.3d 365, 370 (3d Cir.2003). Section 10 of the Federal Arbitration Act (FAA) sets forth the grounds for vacation of an arbitration award; namely: (1) where the award was procured by corruption, fraud, or undue means; (2) where an arbitrator evidenced partiality or corruption; (3) where the arbitrators were guilty of misconduct; and (4) where the arbitrators exceeded their power. 9 U.S.C. § 10(a)(1)–(4). A court's ability to vacate an arbitration award is almost exclusively limited to these grounds, although an award found to be in manifest disregard of the law can also be vacated by a court. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953) (overruled on other grounds by *Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989)); *United Transp. Union v. Suburban Transit Corp.*, 51 F.3d 376, 380 (3d Cir.1995).

### A.

 Sherrock argues that the arbitration panel majority committed a manifest disregard for the law in finding that res judicata and collateral estoppel barred Sherrock's claims and that Sherrock waived its right to arbitration. Sherrock contends that the issues decided by the State Board of Motor Vehicle Manufacturers, Dealers, and Sales Persons for the Commonwealth of Pennsylvania (Board) were not the same as those submitted to arbitration, and that Sherrock did not have an opportunity to fully litigate its claims before the Board or the Commonwealth Court. Sherrock also asserts that its ac-

tions before the Board and Pennsylvania state courts did not constitute acceptance of the judicial process and, therefore, did not operate to waive Sherrock's right to arbitration.

A court may vacate an arbitration award if the award was made "in manifest disregard of the law." *Wilko*, 346 U.S. at 436, 74 S.Ct. 182; *United Transp.*, 51 F.3d at 380. Manifest disregard for the law means more than mere legal error or misunderstanding. *See Tanoma Mining. Co., Inc. v. Local Union No. 1269*, 896 F.2d 745, 749 (3d Cir.1990) (stating that an arbitration award may not be vacated merely because the arbitrator made an error of law). Rather, "the decision must fly in the face of clearly established legal precedent," *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir.1995), such as where an arbitrator "appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933 (2d Cir.1986). Thus, Sherrock must overcome an extremely high hurdle to succeed on its claim that the arbitration panel majority in this case manifestly disregarded the law in its application of res judicata, collateral estoppel, and waiver. As long as the arbitrators considered and applied the prevailing rules of law on these doctrines, Sherrock's challenge must fail. That the panel majority might have applied the legal principles differently than this Court might have applied them does not establish a manifest disregard for the law.

In this case, the arbitration panel majority stated and applied the accurate elements of res judicata and collateral estoppel set forth in Sherrock's response to DaimlerChrysler's summary judgment motion.[2] It addressed Sherrock's two argu-

---

**2.** The Panel observed that, for the doctrine of res judicata, or claim preclusion, to apply,

ments for why the panel should not find that these doctrines bar Sherrock's arbitration claims; namely, that there was a lack of identity of claims and issues, and that there was not a full and fair opportunity to litigate the merits or there was no decision on the merits. On appeal, as noted by the District Court, Sherrock merely disputes the panel majority's application of the elements of res judicata and collateral estoppel. The merits of the panel majority's analysis are not relevant to our review, however. It is enough that the panel set forth and applied the correct legal principles.

Similarly, the panel majority identified and applied the prevailing legal principles regarding the doctrine of waiver.[3] First, the arbitrators explained that there is a presumption against the waiver of a right to arbitrate, see American Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88 (4th Cir.1996), which can only be overcome by clear and convincing evidence that the petitioner chose to seek relief in a different forum from arbitration.

Second, the panel noted that the respondent must demonstrate prejudice. The panel majority then concluded that Sherrock's actions before the Board and Commonwealth Court, including its failure to reserve the right to arbitrate, combined with DaimlerChrysler's time and expenses in these proceedings, satisfied the requirements for waiver of the right to arbitrate. On appeal, Sherrock argues that the arbitrators failed to consider legal authorities describing when a party accepts the judicial process and thus waives its right to arbitration,[4] and maintains that its actions before the Board and Commonwealth Court did not constitute such acceptance and waiver. Again, we cannot review arbitration awards for legal error, see Exxon Shipping Co. v. Exxon Seamen's Union, 73 F.3d 1287, 1295 (3d Cir.1996), and are concerned only with whether it is evident from the record that the arbitrators ignored the applicable law. That is not the case here, where the panel majority concluded that Sherrock's seeking of remedies in another forum, without reserving the

---

four elements must be satisfied: (1) identity of issues; (2) identity of causes of action; (3) identity of persons and parties to the action; and (4) identity of the quality or capacity of the parties suing or sued. See Safeguard Mut. Ins. Co. v. Williams, 463 Pa. 567, 574–75, 345 A.2d 664 (1975). Likewise, the Panel set forth the four elements that must be met for the doctrine of collateral estoppel, or issue preclusion, to apply: (1) an issue decided in a prior action is identical to one presented in a later action; (2) the prior action resulted in a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to the prior action, or is in privity with a party to the prior action; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in a prior action. See Rue v. K–Mart Corp., 552 Pa. 13, 17, 713 A.2d 82 (1998).

3. " 'Waiver' is a voluntary and intentional abandonment or relinquishment of a known right" and "may be established by a party's

express declaration or by a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary." Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship, 416 Pa.Super. 45, 610 A.2d 499, 501 (1992). See also Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 925 (3d Cir.1992) ("prejudice is the touchstone for determining whether the right to arbitrate has been waived").

4. Sherrock argues that the panel majority's decision did not mention the waiver factors outlined in Tunnell–Spangler & Assocs., Inc. v. Katz et al., 2003 WL 23168817, 2003 Phila. Ct. Com. Pl. LEXIS 79 (2003); namely, whether a party failed to raise the issue of arbitration promptly; engaged in discovery; filed pretrial motions which did not raise the issue of arbitration; waited for adverse rulings on pretrial motions before asserting arbitration; or waited until the case was ready for trial before asserting arbitration.

right to arbitrate, constituted clear and convincing evidence of waiver.

Because we find that the panel majority considered and applied the prevailing rules of law regarding res judicata, collateral estoppel, and waiver, we find that it did not manifestly disregard the law, and will decline to vacate the arbitration award on this ground.

## B.

■ Sherrock also argues that the arbitration panel majority abused and exceeded its powers under 9 U.S.C. § 10(a)(3), (4) in disposing of Sherrock's arbitration demand by means of summary judgment. In support of this assertion, Sherrock primarily relies on an unpublished decision of the United States District Court for the District of Columbia and argues that the FAA and the American Arbitration Association (AAA) Commercial Arbitration Rules governing this dispute, as agreed upon by the parties in the Dodge Sales and Service Agreement, require an evidentiary hearing. In particular, Sherrock asserts that this Court's interpretation of the FAA in *Teamsters Local 312 v. Matlack, Inc.,* 118 F.3d 985 (3d Cir.1997), mandates an evidentiary hearing to determine the merits of a dispute submitted to arbitration. In *Teamsters Local 312,* this Court observed that § 10(a)(3) of the FAA (formerly § 10(c)) enables a court to vacate an arbitration award "if the arbitrator's refusal to hear proffered testimony so affects the rights of a party that it may be said that he was deprived of a fair hearing," 118 F.3d at 995 (internal quotation marks and citation omitted), and "it has become axiomatic that a district court *may* vacate an award if a party to an arbitration proceeding has not been given notice and opportunity to present arguments and evidence on the merits of the dispute." *Id.* (emphasis added).

A court may vacate an arbitration award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). "Misconduct" means "not bad faith, but misbehavior though without taint of corruption or fraud, if born of indiscretion." *Newark Stereotypers' Union No. 18 v. Newark Morning Ledger Co.,* 397 F.2d 594, 599 (3d Cir.1968) (internal quotation marks and citation omitted). The statute, however, "cannot be read . . . to intend that every failure to receive relevant evidence constitutes misconduct which will require the vacation of an arbitrator's award." *Id.* at 599. As one federal court has articulated, misconduct under § 10(a)(3) will not be found "unless the aggrieved party was denied a 'fundamentally fair hearing.'" *InterCarbon Bermuda, Ltd. v. Caltex Trading and Transport Corporation,* 146 F.R.D. 64, 72 (S.D.N.Y. 1993); *see also Teamsters Local 312,* 118 F.3d at 995 (procedural error must result in "fundamental unfairness" to warrant vacatur of arbitration award). Similarly, a court may vacate an arbitration award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). When determining whether an arbitrator exceeded his authority, this Court examines the form of relief awarded and the terms of that relief. *See Mutual Fire,* 868 F.2d at 56. We must be able to derive rationally the form of the award either from the parties' agreement or from their submissions to the arbitrators, and the terms of the award must not be completely irrational. *Id.*

Although the AAA Commercial Arbitration Rules do not specifically provide for motions for summary disposition, they do grant the arbitrator flexibility and discretion.[5] Accordingly, federal courts have affirmed arbitration awards where the arbitrator ruled on a motion for summary

---

5. For example, section 30 grants the arbitrator discretion to vary the presentment of evi-

dence process and to expedite resolution of

judgment or on summary disposition. *See, e.g., Hamilton v. Sirius Satellite Radio, Inc.*, 375 F.Supp.2d 269, 278 (S.D.N.Y. 2005) (confirming arbitration award based on grant of summary judgment). Moreover, "[e]xcept where prohibited by the plain and express terms of the submission, an arbitrator is empowered to grant *any* relief reasonably fitting and necessary to a final determination of the matter submitted to him, including legal and equitable relief." *Bd. of Educ. of Dover Union Free School Dist. v. Dover–Wingdale*, 95 A.D.2d 497, 502, 467 N.Y.S.2d 270 (N.Y.A.D. 2 Dept.1983) (emphasis in original); *see also College Hall Fashions, Inc. v. Philadelphia Joint Bd. Amalgamated Clothing Workers of America*, 408 F.Supp. 722, 728 (E.D.Pa.1976) (arbitrator has "wide latitude" in fashioning an appropriate remedy). Granting summary judgment surely falls within this standard, and fundamental fairness is not implicated by an arbitration panel's decision to forego an evidentiary hearing because of its conclusion that there were no genuine issues of material fact in dispute. An evidentiary hearing will not be required just to find out whether real issues surface in a case. Therefore, this Court finds that the panel majority did not deny Sherrock a fundamentally fair hearing, and thus did not engage in misconduct under 9 U.S.C. § 10(a)(3).

Likewise, the panel majority in this case did not exceed its authority. The very rationale behind the doctrines of res judicata and collateral estoppel is to preclude the relitigation of claims and issues that were already decided in an earlier action,[6]

and the doctrine of waiver prevents a party from exercising a contractual right to arbitration.[7] Sherrock and DaimlerChrysler presented written submissions to the arbitrators, and the panel majority was able to reasonably determine that no factual issues existed. We will decline to find the arbitrators' decision to grant summary judgment irrational where they concluded no disputed facts were present and the disposition was based on legal doctrines that were resolved on written submission.

### III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

the dispute, and section 31 enables the arbitrator to determine the admissibility, relevance, and materiality of the evidence offered and exclude irrelevant evidence. AMERICAN ARBITRATION ASSOCIATION, COMMERCIAL ARBITRATION RULES §§ 30, 31 (2005).

**6.** *See Kremer v. Chemical Const. Corp*, 456 U.S. 461, 467, 102 S.Ct. 1883, 72 L.Ed.2d 262

(1982) (res judicata precludes relitigation of issues that were or could have been raised in an earlier litigation); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (collateral estoppel precludes relitigation of a fact or legal issue decided in a prior action).

**7.** *See Marranca*, 610 A.2d at 501.