**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1717-18T1

BRUCE STEVENS, individually
and on behalf of TERRAFORM,
LLC,

      Plaintiffs-Appellants,

v.

JOSEPH CAPPADORA, C.P.A.,
and BERKSHIRE VALLEY
ASSOCIATES, LLC,

      Defendants-Respondents.

_____

        Argued September 19, 2019 – Decided October 22, 2019

        Before Judges Alvarez and Suter.

        On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2957-15.

        Kenneth S. Thyne argued the cause for appellant (Roper & Thyne, LLC, attorneys; Kenneth S. Thyne, on the briefs).

        Peter Alfred Basso argued the cause for respondent (Gold Law PC, attorneys; Peter Alfred Basso, on the brief).

PER CURIAM

Plaintiffs Bruce Stevens and Terraform, LLC, appeal from a November 15, 2018 order granting defendants' Joseph Cappadora, C.P.A. and Berkshire Valley Associates, LLC's motion to dismiss the complaint and compel arbitration. We vacate the order and reinstate the complaint.

The relevant procedural history is set forth in great detail in our prior unpublished remand opinion — the outcome of plaintiffs' earlier appeal from the Law Division's similar order. See Stevens v. Cappadora, C.P.A. and Berkshire Valley Associates, LLC, No. A-1266-16 (App. Div. 2018), slip op. at 2-4. For our purposes, it suffices to reiterate the following circumstances.

On August 27, 2015, plaintiffs filed a complaint alleging breach of contract arising from a joint venture agreement (JVA) with defendants. The JVA contained a clause in which the parties agreed to arbitrate disputes arising from the contract. On September 24, 2015, defendants filed an answer, but made no mention of the arbitration clause, contrary to Rule 4:5-1(b)(2) ("Each party shall include with the first pleading a certification as to whether the matter in controversy is the subject of any other action[s] . . . , or whether any other action or arbitration proceeding is contemplated . . . ."). In February 2016, plaintiffs moved to suppress the answer and affirmative defenses without prejudice due to

defendants' failure to respond to plaintiffs' interrogatories. In April, plaintiffs renewed the motion — this time seeking dismissal with prejudice. In June, defendants answered interrogatories, and plaintiffs withdrew the motion. The parties filed a consent order agreeing to extend the discovery end date from August 2, 2016, to October 2, 2016, with an anticipated trial date of October 24, 2016.

That September, however, defendants filed two separate motions. One sought to dismiss the complaint on the merits, or in the alternative, for leave to file an amended answer. The other motion sought to compel arbitration pursuant to the JVA.

The Law Division judge denied the motion to dismiss and amend on October 19. The following day, October 20, the court entered an order compelling arbitration, which we vacated in the prior remand. Stevens, slip op. at 3.

The judge orally issued his remand decision on November 15, 2018. He granted defendants' application dismissing the complaint and for arbitration because he did not view the case as fitting within the Cole v. Jersey City Medical Center, 215 N.J. 265 (2013) analysis. The judge reviewed the Cole factors, but did not consider 360 days of discovery to be "prolonged litigation for a case of

A-1717-18T1

this complexity." He correctly noted that a waiver required clear and convincing evidence. See Spaeth v. Srinivasan, 403 N.J. Super. 508, 515 (App. Div. 2008). "There is a presumption against waiver of an arbitration agreement, which can only be overcome by clear and convincing evidence that the party asserting it chose to seek relief in a different forum." Ibid. (citing Am. Recovery Corp. v. Computerized Thermal Imaging, 96 F.3d 88, 92 (4th Cir. 1996); Sherrock Bros., Inc. v. DaimlerChrysler Motors Co., LLC, 260 Fed. Appx. 497, 500 (3d Cir. 2008)). "There is no single test for the type of conduct that may waive arbitration rights. In fact, 'the mere institution of legal proceedings . . . without ostensible prejudice to the other party' does not constitute a waiver." Spaeth, 403 N.J. Super. at 515 (quoting Hudik-Ross, Inc. v. 1530 Palisade Ave. Corp., 131 N.J. Super. 159, 167 (App. Div. 1974)); see also Hudik-Ross, 131 N.J. Super. at 167 (no waiver of arbitration when not demanded until four months after the start of the lawsuit and promise to arbitrate was pleaded in affirmative defense); Angrisani v. Fin. Tech. Ventures, L.P. 402 N.J. Super. 138, 150 (App. Div. 2008) (the absence or presence of prejudice helps determine the issue of a waiver); Fareses v. McGarry, 237 N.J. Super. 385, 394 (App. Div. 1989) (right to arbitration waived when landlord failed to allege arbitration as a defense when

he filed complaint for injury to property and an answer to a counterclaim until the counterclaim was amended nine months later and two weeks before trial.).

The judge also found defendants' failure to earlier raise mandatory arbitration as a defense was due to the neglect of defendants' first attorney, who failed to "engage in aggressive motion practice to extend discovery, and to take depositions . . . ." The judge stated that the limited discovery in this case supported his decision because the litigation was "somewhat complex" and "probably should have had 450 days of discovery, [but] did not." Since he thought the case had been "bungled" by defendants' first attorney, he did not find defendants voluntarily or intentionally relinquished a known right.

Defendants' second attorney raised the arbitration issue because he was attempting to defend the case in a more comprehensive fashion. Since the judge did not find a waiver of the right to arbitration by clear and convincing evidence, he granted the application to send the matter to arbitration.

Plaintiffs contend the judge misapplied the Cole factors. We review the court's decision de novo, as it was a legal determination. Cole, 215 N.J. at 275. The facts are essentially undisputed. We begin from the premise that arbitration is favored in our system, and that contract clauses requiring them are enforceable. Ibid.

The issue is, as the Law Division judge properly framed it, whether defendants' litigation conduct constitutes a waiver of the arbitration clause. See id. at 276-77. In making the determination, we apply a fact-sensitive totality of the circumstances test. Id. at 280. We weigh the following factors:

> (1) the delay in making the arbitration request; (2) the filing of any motions, particularly dispositive motions, and their outcomes; (3) whether the delay in seeking arbitration was part of the party's litigation strategy; (4) the extent of discovery conducted; (5) whether the party raised the arbitration issue in its pleadings, particularly as an affirmative defense, or provided other notification of its intent to seek arbitration; (6) the proximity of the date on which the party sought arbitration to the date of trial; and (7) the resulting prejudice suffered by the other party, if any.
>
> [Id. at 280-81.]

Even when arbitration is raised in the answer in compliance with the rules, if no other steps are taken to preserve the affirmative defense, it can be found to have been waived. Id. at 281. As we are instructed in Cole, we will not consider one factor dispositive.

In Cole, the length of time was twenty-one months, while here the length of time was approximately a year: fourteen months if calculated from the filing of plaintiffs' complaint to the October dismissal and order for arbitration, or thirteen months if calculated from the filing of the answer in September 2015.

Plaintiffs engaged in motion practice to compel discovery, filing motions for dismissal, but did not receive a meaningful response until the motion to dismiss with prejudice. The record does not indicate whether the matter was ready to be tried on the initial scheduled date of October 24.

Defendants' new counsel responded to the discovery requests in June 2016, and agreed to extend discovery from August 2 to October 2. One of the September motions, which plaintiffs defended, was a motion to dismiss the complaint on the merits, or in the alternative, to grant defendants leave to file an amended answer.

The imposition upon plaintiffs who engaged in motion practice, including defending a motion on the merits, before the issue of arbitration was raised, when joined with the length of time this action was pending, leads to the conclusion that defendants waived that right. Seeking to compel arbitration three days before the trial date, albeit the trial judge speculated it was an innocent oversight on the part of defendants' second counsel, does not avoid the Cole analysis. Once new counsel became involved in the matter and answered interrogatories, that would have been the time to raise the issue of arbitration. Had the issue been addressed earlier, it would have avoided the prejudice to plaintiffs of having to engage in discovery and prepare for trial. These plaintiffs

7

"invested considerable time in the lawsuit and anticipated a judicial determination in the near future . . . ." Id. at 282. The Cole Court defined prejudice as "'the inherent unfairness—in terms of delay, expense, or damage to a party's legal position—[then prejudice] occurs when a party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.'" Id. at 282 (citing PPG Indus., Inc. v. Webster Auto Parts, Inc., 128 F.3d 103, 107 (2d Cir. 1997) (quoting Doctors Assocs., Inc. v. Distajo, 107 F.3d 126, 134 (2d Cir. 1997)). In this case, defendants engaged in litigation efforts for approximately a year before deciding to switch forums. They did not raise the issue until days before trial.

We vacate the dismissal and reinstate the complaint. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1717-18T1